IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02331–KMT

LINDA MILLER, and
DAVID MILLER,

      Plaintiffs,

v.

COLLEEN A. KRAHL,

      Defendant.

_____

**ORDER**
_____

This matter is before the court on Defendant Colleen A. Krahl, DC's "Motion for Summary Judgment" (Doc. No. 22 [Mot.], filed June 14, 2012). Plaintiffs did not file a response.[1] The motion is ripe for ruling.

**STATEMENT OF THE CASE**

Plaintiffs filed this case on September 2, 2011, asserting claims for professional malpractice and negligence and loss of consortium as a result of the defendant's alleged treatment of Plaintiff Linda Miller on April 7, 2009. (*See* Doc. No. 2 [Compl.].) The following material facts are undisputed.

---

[1]Plaintiffs' counsel withdrew two months prior to the filing of Defendant's Motion for Summary Judgment. (*See* Doc. Nos. 20, 21.)

1. Plaintiffs did not respond to Dr. Krahl's written discovery requests, which were served April 30, 2012, and included requests for admission. (Mot., Ex. B.)

2. Because Plaintiffs failed to respond to the requests for admission, Plaintiffs are deemed to have admitted, pursuant to Fed. R. Civ. P. 36, among other things, that:

   a. Ms. Miller had significant neck pain in the area of her prior C1-C2 fusion before presenting to Dr. Krahl on April 7, 2009;

   b. That her neck pain initially improved after presenting to Dr. Krahl on April 7, 2009;

   c. That any worsening of Ms. Miller's neck pain occurred at least eight months after being treated by Dr. Krahl; and

   d. Ms. Miller's employment terminated for reasons other than her neck pain. (*Id.* at 8.)

3. Plaintiffs have not disclosed any experts pursuant to Fed. R. Civ. P. 26.

4. Plaintiffs have not conducted any written discovery and have not taken Dr. Krahl's deposition.

5. Plaintiffs have presented no evidence that shows Dr. Krahl acted negligently in providing chiropractic treatment to Ms. Miller.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing an absence of evidence to support the

nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c). A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

When ruling on a motion for summary judgment, a court may consider only admissible evidence. *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. Moreover, because Plaintiff are proceeding *pro se*, the court, "review[s] [their] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th

Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

## ANALYSIS

Defendant moves for summary judgment for (1) Plaintiffs' failure to disclose any expert witness who can establish the applicable standard of care; (2) Plaintiffs' failure to establish Defendant deviated from the established standard of care or caused Plaintiff Linda Miller's injuries; (3) Plaintiffs' failure to disclose expert testimony in support of each element of their first claim for relief; and (4) Plaintiffs' failure to establish a claim for loss of consortium. (Mot.)

*A.     Failure to Disclose Expert to Establish Standard of Care*

In Colorado, to establish a medical malpractice claim based upon negligence, the plaintiff must show that: (1) the defendant owed the plaintiff a legal duty; (2) the defendant breached that duty; (3) the plaintiff was injured; and (4) the defendant's breach of that duty was the proximate cause of plaintiff's injury. *Casebolt v. Cowan*, 829 P.2d 352, 356 (Colo. 1992) (en banc). Because the subject matter of negligent conduct by a medical professional is not within the ambit of common knowledge and experience of ordinary people, "the plaintiff must establish by expert testimony the controlling standard of care ordinarily possessed and exercised by members of the same schools of medicine practiced by the defendant, as well as defendant's failure to adhere to that standard." *Teiken v. Reynolds*, 904 P.2d 1387, 1389 (Colo. App. 1995). Without expert testimony regarding the relevant standard of care, the trier of fact has no means of comparison to

determine whether a legal duty was breached or whether that breach was the proximate cause of a plaintiff's injury. *Melville v. Southward*, 791 P.2d 383, 387 (Colo. 1990).

Defendant argues that Plaintiffs failed to identify or designate a medical expert to provide an opinion regarding the relevant standard of care. (Mot. at 6–8.) Without expert testimony on the relevant standard of care, Defendant argues that there is no evidence that Defendant was negligent or that any alleged negligence caused Plaintiff Linda Miller's injuries. (*Id.* at 8.) As such, Defendant argues there is an absence of a genuine issue of material fact such that she is entitled to judgment as a matter of law. (*Id.*)

As Defendant does not bear the ultimate burden of persuasion at trial, Defendant need only make a *prima facie* showing of the absence of a genuine issue of material fact by demonstrating the lack of evidence to support an essential element of Plaintiff's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998). The court finds that Defendant has met its initial burden for summary judgment. Plaintiffs' lack of evidence from a testifying medical expert regarding the relevant standard of care necessarily leads to the conclusion that they lack evidence to support the breach of duty of care and causation elements of their medical malpractice claim.

Because Defendant has met her burden, the burden shifts to Plaintiffs to put forth sufficient evidence for each essential element of their medical malpractice claim such that a reasonable jury could find in their favor. *See Anderson*, 477 U.S. at 248. Pursuant to Fed. R. Civ. P. 56(e), Plaintiffs can satisfy this burden by providing an affidavit from a medical expert who is qualified to form an opinion regarding the relevant standard of care. In the event such

affidavit is unavailable, Plaintiffs can provide the court with specific reasons as to why they cannot present facts that are essential to opposing Defendant's Motion for Summary Judgment. Fed. R. Civ. P. 56(f).

Here, Plaintiffs have failed to failed to respond to the Motion for Summary Judgment, they have failed to provide an affidavit from a medical expert who is qualified to form an opinion regarding the relevant standard of care, and they have failed to provide the court with any reason why they are unable to present facts in opposition to the Motion for Summary Judgment.  As such, there is no genuine issue of material fact or evidence to support two essential elements of Plaintiffs' medical negligence claim, and Defendant Krahl is entitled to summary judgment on that claim.

## B.     *Loss of Consortium Claim*

Defendant also argues that Plaintiffs' failure to establish the elements to prove their negligence claim is also fatal to Plaintiffs' loss of consortium claim.  (Mot. at 9–10.)  As a derivative claim, loss of consortium is subject to the same defenses available to the "underlying claim." *Terry v. Sullivan*, 58 P.3d 1098, 1102 (Colo. App. 2002).  A derivative claim "is destroyed" if the underlying personal injury claim is unsuccessful on the merits. *Kinsella v. Farmers Ins. Exchange*, 826 P.2d 433, 435 (Colo. App.1992).  In other words, if an injured person's claim fails on substantive grounds, the spouse's claim for loss of consortium also will fail. *See, e.g., Schwindt v. Hershey Foods Corp.*, 81 P.3d 1144, 1148 (Colo. App. 2003); *Covert v. Allen Group, Inc.*, 597 F. Supp. 1268, 1269–70 (D. Colo.1984).

Thus, because Defendant Krahl has been granted summary judgment on the negligence claim, she also is properly granted summary judgment on Plaintiffs' loss of consortium claim.

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that Defendant Colleen A. Krahl, DC's "Motion for Summary Judgment" (Doc. No. 22) is **GRANTED**.  It is further

**ORDERED** that judgment shall enter for Defendant Colleen A. Krahl, DC, and against Plaintiffs, Linda Miller and David Miller, as to all claims asserted in this action.  It is further

**ORDERED** that defendant is awarded her costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated this 12th day of February, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge